**In the Matter of E & D ELECTRIC COMPANY, INC.**

**Bankruptcy No. 8500398JC.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

June 9, 1986.

Luke Dove, Jackson, Miss., for E & D Elec.

F. Kirk Nelson, Jackson, Miss., for Dan Bottrell Agency, Inc.

David W. Mockbee, Jackson, Miss., for Two Wire Elec. Supply Co., Inc.

David A. Bowers, Jackson, Miss., for Stuart C. Irby.

Frank D. Edens, Brandon, Miss., for Graybar Elec. Co., Inc.

Jeff Rawlings, Jackson, Miss., for Nickles & Wells.

ORDER GRANTING MOTION TO AUTHORIZE PAYMENT OF PRE–PETITION DEBT BY DISBURSEMENT

EDWARD ELLINGTON, Bankruptcy Judge.

THIS MATTER came on for hearing on the Debtor's Motion for Authority to Authorize Payment of Pre-Petition Debt by Disbursement. The Court, being fully advised in the premises, finds that after proper notice, two parties filed objections to the relief sought by the Debtor. One objection was made by Dan Bottrell Agency, Inc., an unsecured creditor with a claim for pre-petition insurance premiums. The other objection was filed by Two Wire Electric Supply Company, Inc. The Court further finds that the relief sought will benefit the Debtor, its estate and all interested parties and that an order granting the relief sought is necessary to effectuate and preserve the estate. Accordingly, the Court finds that

---

the Debtor's motion should be granted over the objections of creditors.

Briefly, the facts are as follows:

On March 11, 1985, E & D Electric Company, Inc. (E & D) filed a petition under Chapter 11 of the Bankruptcy Code.

Prior to the filing of the Chapter 11 petition herein, Nickles & Wells (N & W), a general contractor, entered into a contract with Annandale, Inc. to build a club house and other improvements for the Annandale Country Club in Madison County, Mississippi. N & W entered into a subcontract with the Debtor to do certain electrical work for the Annandale project. E & D ordered materials and supplies for use in the project from Graybar Electric Company, Inc. (Graybar) and Stuart C. Irby Company, Inc. (Irby).

Also, prior to the filing of the Chapter 11 petition herein, N & W was retained by the United States Postal Service to construct the Pearl Post Office project, Pearl, Mississippi. N & W again subcontracted with the Debtor to do electrical work on this project. E & D ordered materials and supplies for use in this job from Irby.

At the time of the filing of the Chapter 11 petition, N & W owed the Debtor for work performed on the Annandale job and for work performed on the Pearl Post Office job. However, Graybar was owed for materials supplied on the Annandale job and Irby was owed for materials supplied on both the Annandale job and the Pearl Post Office job. Graybar and Irby respectively made claims against N & W and its surety on these jobs. Thus, arose the Debtor's Motion to Authorize Payment of Pre-Petition Debt by Disbursement in an effort to satisfy Graybar and Irby.

Dan Bottrell Agency, Inc. (Bottrell) had provided insurance coverage to the Debtor for a number of years prior to the filing of the petition and it alleges it is owed a pre-petition debt in the amount of $11,297.43. It objects to the proposed distribution of funds from N & W to Graybar and Irby unless the balance of the funds are paid over to it in partial satisfaction of its

pre-petition insurance premiums. Bottrell has been paid for all post-petition insurance premiums pursuant to a prior order of this Court entered on December 30, 1985.

Two Wire Electric Supply Company, Inc. (Two Wire) is also an unsecured pre-petition debt and it objects to Graybar and Irby being paid and asserts that the funds held by N & W should be paid to all unsecured pre-petition creditors on a pro-rata basis.

This Court finds that under Mississippi law, if the sums due to Graybar and Irby are paid by the surety of N & W, the surety will obtain a lien for the unpaid proceeds of both jobs. *Travelers Indemnity Co. v. Clark*, 254 So.2d 741, Miss. (1971). See also Miss.Code Ann. § 87–5–5. As a result, N & W would be required to pay the surety company the sums the surety paid out to Graybar and Irby. Thus, N & W would be liable directly to the surety for the materials supplied, as well as being indebted to E & D on the subcontracting work. Since N & W will have satisfied Graybar's and Irby's claims indirectly by reimbursing the surety, thus extinguishing the debts, the Debtor will have no outstanding liability to Graybar or Irby. Therefore, the Debtor will have received a windfall. A liability will have become an asset.

Such an inequitable result cannot be allowed by this Court. The issue that comes before the Court and is the basis of the present Motion before this Court is whether N & W will be allowed to set-off its payment to the surety for materials against the amount N & W owes to the Debtor for subcontract work. This Court finds that in the event N & W pays Graybar's and Irby's claims, State law and Section 553 of the Bankruptcy Code allow N & W to set-off that sum against its indebtedness to the Debtor. Equity dictates to the Court that the Debtor should not receive a windfall at the expense of N & W's liability being doubled. See *In Re Flanagan Brothers, Inc.*, 47 B.R. 299 (1985).

This Court wishes to clarify that there are two types of pre-petition unsecured creditors involved in the present motion

before it. The first being the type of creditor covered by the surety bond and the second being the creditor not covered by the surety bond. Graybar and Irby are within the first category and due to the surety bond coverage will be paid from the funds held by N & W. However, creditors not under coverage of the surety bond will not be allowed any priority over other pre-petition unsecured creditors.

Dan Bottrell Agency, Inc. filed its objection in an effort to recover pre-petition insurance premium payments. Bottrell had no objection to N & W being allowed to set-off but requested that the funds remaining after the set-off be paid directly to it for insurance premium payments due before the Chapter 11 petition was filed. It is undisputed and admitted by Bottrell that no part of its claim is post-petition and an administrative expense as all premium payments arising after the Chapter 11 filing have been paid. Thus, the Court concludes that Bottrell's claim is an unsecured pre-petition debt that is not covered by the surety bond and that it shall not be allowed any priority payment over other unsecured creditors. Therefore, Bottrell's objection is not well taken and is overruled.

Two Wire Electric Supply Company, Inc., an unsecured creditor also not under the coverage of the surety bond, filed its objection to the Debtor's motion in an effort to have all the funds disbursed to E & D to be divided pro-rata to all unsecured creditors, including Graybar and Irby. Under normal circumstances all pre-petition unsecured creditors would receive a pro-rata share from the Debtor's estate. However, due to the circumstances discussed earlier herein, Graybar and Irby will be paid and N & W will be allowed its right of set-off. All remaining funds available after set-off will be turned over to the Debtor and Two Wire will be entitled to recover its debt as allowed under the provisions of the Bankruptcy Code. Thus, Two Wire's objection is not well taken and is overruled.

The Court having maturely considered the Motion for Authority to Authorize Payment of Pre-Petition Debt by Disbursement and the Objections filed and due to the totality of the circumstances as discussed earlier, finds that the Motion is well taken and should be granted.

THEREFORE, IT IS ORDERED that Nickles & Wells Construction Company, Inc. pay from the funds presently held from the Annandale job to Graybar Electric Company, Inc. the sum due for materials supplied to the Annandale job.

IT IS FURTHER ORDERED that Nickles & Wells Construction Company, Inc. pay from the funds presently held from the Annandale job to Stuart C. Irby Company, Inc. the sum due for materials supplied to the Annandale job.

IT IS FURTHER ORDERED that Nickles & Wells Construction Company, Inc. pay from the funds presently held from the Pearl Post Office job to Stuart C. Irby Company, Inc. the sum due for materials supplied to the Pearl Post Office job.

IT IS FURTHER ORDERED that Nickles & Wells Construction Company, Inc. be granted relief from the automatic stay in order to allow set-off against the Debtor.

IT IS FURTHER ORDERED that Nickles & Wells Construction Company, Inc. be allowed to set-off the amounts paid to Graybar and Irby against its indebtedness to E & D Electric with the remaining funds from the Annandale and Pearl Post Office jobs to be turned over to the Debtor at the time of payment to Graybar and Irby.